IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| GARY L. SIMPSON, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | CIV-15-537-D |
| WARDEN ADDISON, | ) | |
| Respondent. | ) | |

SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.[1] For the following reasons, it is recommended that the Petition be dismissed without prejudice.

Petitioner is a state prisoner serving a sentence in the custody of the Oklahoma Department of Corrections ("ODOC"), although he has not provided specific information concerning the nature of his conviction(s) or sentence(s). He is currently confined at the Joseph Harp Correctional Center located in Lexington, Oklahoma.

---

[1] Rule 4 is applied in the discretion of the undersigned to this 28 U.S.C. §2241 habeas Petition. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

1

Petitioner contends that his "sentence was discharged but state courts suspended habeas corpus, due process, and refused to comply with or enforce state court rules, state statutes and/or the Constitution, or U.S. Supreme Ct. opinions in post-convictions or habeas corpus." Petition, at 1. Although it is difficult to discern his specific claims, it appears that Petitioner is alleging that he has discharged his sentence but ODOC officials have refused to release him from confinement. Petitioner also contends that his continued confinement in ODOC custody violates the Constitution and federal law, that he is being discriminated against because there is not a "fully stocked [and] up to date law library" or a "computer [with] trained assistance of a law clerk," and that the state courts are failing to comply with state law concerning post-conviction and habeas applications.

Petitioner admits he has a pending habeas proceeding filed in the District Court of Cleveland County asserting at least some of the same claims. Petitioner alleges he sought mandamus relief in the Oklahoma Supreme Court because of the district court's delay in resolving the habeas action but the Oklahoma Supreme Court refused to assume jurisdiction over the attempted mandamus action.

Petitioner has attached to his Petition a copy of a pleading he purportedly filed in January 2015 in the District Court of Cleveland County. In this pleading, Petitioner seeks habeas relief pursuant to Okla. Stat. tit. 12, § 1334, and asserts that an administrative transfer "out of Court ordered custody of an Okla. Dept. of Corr. Warden was a commutation of sentence, entitling petitioner to immediate release." Petition, att. A, at 1. He also alleges in this pleading that "House Bill 1722 that became law" constituted an "ex-post-facto-taking

2

away [of] petitioner's constitutional 'fail-safe' right to seek commutation."

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). See Woodford v. Ngo, 548 U.S. 81, 92 (2006); Rose v. Lundy, 455 U.S. 509 (1982).

Although 28 U.S.C. § 2241 does not contain an explicit exhaustion requirement, exhaustion of available state remedies is required for petitions brought under § 2241. Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010); Magar v. Parker, 490 F.3d 816, 818 (10th Cir. 2007)("Congress has emphatically directed . . . that habeas petitioners seeking relief in federal court must first exhaust all available state court remedies - that is, unless doing so would be futile because of 'an absence of available State corrective process' or because 'circumstances exist that render such process ineffective to protect the rights of the applicant.'"(quoting 28 U.S.C. §2254(b)(1)); Wilson v. Jones, 430 F.3d 1113, 1117 (10th Cir. 2005)(noting habeas petitioner seeking relief under 28 U.S.C. § 2241 is required to first exhaust available state remedies, absent showing of futility); Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000)("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.").

It is clear from the face of the Petition that Petitioner has not exhausted his available state court remedies. Although Petitioner contends that there has been a delay in adjudicating his state court habeas action and that the delay has resulted in a "suspension" of the state

3

habeas remedy, Petitioner provides no evidence that the Cleveland County District Court has entered a decision to this effect or that requiring him to satisfy the exhaustion requirement would be futile.

Petitioner bears the burden of showing that his state court remedies have been exhausted. See Hernandez v. Starbuck, 69 F.3d 1089, 1092 (10th Cir. 1995). Petitioner's allegations as well as the copy of the docket sheet attached to the Petition plainly show that state habeas proceedings concerning at least some of the issues raised in the instant Petition are ongoing. Because Petitioner has not demonstrated that he has exhausted available state court remedies concerning any of his claims before seeking habeas relief in this Court, his Petition should be dismissed without prejudice to refiling.

Mr. Robert Cotner has filed a "Notice/Motion to Intervene" in this action. The right to intervene is limited, and a motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24©. The allegations in Mr. Cotner's motion reflect that he is seeking permissive intervention under Fed. R. Civ. 24(b)(1)(B). Permissive intervention under Rule 24 may be granted to one who "has a claim or defense that shares with the main action a common question of law or fact." However, the success of any of the claims asserted by Petitioner in this action would depend upon proof of facts and circumstances specific to Petitioner and not based on common questions of law or fact. Therefore, Mr. Cotner has not satisfied Rule 24(b)(1)(B), and his "Notice/Motion to Intervene" should be denied.

RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be DISMISSED WITHOUT PREJUDICE for failure to exhaust available state remedies. It is further recommended that Mr. Cotner's "Notice/Motion to Intervene" (Doc. # 7) be DENIED. Petitioner is advised of his right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by July 13th, 2015, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this 23rd day of June, 2015.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE