# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GARY L. SIMPSON, | ) |
| Petitioner, | ) |
| vs. | ) Case No. CIV-15-537-D |
| WARDEN MICHAEL ADDISON, | ) |
| Respondent. | ) |

## <u>O R D E R</u>

Gary Simpson, a state prisoner appearing pro se, objects to the Magistrate Judge's Supplemental Report and Recommendation ("R&R") [Doc. No. 10], which recommended dismissal of his action, without prejudice, for failure to exhaust state court remedies [Doc. No. 9]. Robert Cotner, who is also a state prisoner appearing pro se, objects to that portion of the R&R denying his Motion to Intervene [Doc. No. 7].[1] Exercising de novo review,[2] the Court finds the R&R should be adopted as modified below.

---

[1] Although styled as a "Supplement to Motion to Intervene," the Court liberally construes Cotner's pleading as an objection since he is a pro se litigant. *Davis v. McCollum*, 798 F.3d 1317, 1319 n. 2 (10th Cir. 2015) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991)).

[2] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), where the district court refers prisoner petitions to a magistrate judge for a report and recommendation, the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id*.

## BACKGROUND

Simpson is currently incarcerated at the Joseph Harp Correctional Center (JHCC) in Lexington, Oklahoma. A review of his objection, the accompanying exhibits, and the related state court proceedings,[3] shows that Simpson was convicted of child sexual abuse and sentenced to life in prison. On January 21, 2015, he filed a petition for writ of habeas corpus in Cleveland County District Court, alleging his administrative transfer to a private correctional facility constituted a commutation of his sentence and entitled him to immediate release from incarceration.[4] The district court denied Simpson's request on the grounds he had failed to exhaust his administrative remedies before seeking judicial relief. The district court noted there was no evidence indicating Simpson had either filed a grievance or grievance appeal as provided by the Oklahoma Department of Corrections (ODOC) concerning unlawful incarceration or his transfer to a private prison, and Simpson submitted no evidence to refute such finding. The court also noted Simpson's petition lacked

---

[3]The Court is permitted to take judicial notice of such matters, which are of public record. *See United States v. Bagby*, 696 F.3d 1074, 1083 n. 7 (10th Cir. 2012); *see, e.g., Coughlin v. Bear*, No. CIV-15-536-R, 2016 WL 447345, at *4 n. 6 (W.D. Okla. Jan. 1, 2016) ("The undersigned takes judicial notice of the dockets and filings for Petitioner's state-court habeas efforts, which are publicly available through http://www.oscn.net.").

[4]The record is unclear on when this alleged transfer took place, since Simpson's current place of incarceration, JHCC, is a state correctional facility.

substantive merit because, *inter alia*, ODOC acted within its discretion in transferring him to a private facility and an inmate generally has no liberty interest in his place of confinement. The Oklahoma Court of Criminal Appeals affirmed and held Simpson's appeal was devoid of any facts sufficient to show his incarceration was unlawful and that he was entitled to immediate release. This action followed.

As in the state proceedings, Simpson contended his sentence was discharged or commuted and he was being unlawfully detained. Simpson set forth four causes of action: (1) suspension of habeas corpus and due process; (2) unlawful detention; (3) disability discrimination; and (4) declaratory relief. Subsequent to Simpson's action, Cotner sought leave to intervene. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to Magistrate Judge Purcell, who, upon preliminarily reviewing the petition, found Simpson failed to demonstrate he had exhausted his state court remedies. R&R at 4. Judge Purcell also denied Cotner's motion on the grounds his action was not based on common questions of law or fact. *Id*.

The Court finds the R&R should be adopted, but for different reasons. Although Judge Purcell recommended denying Simpson's petition for failure to exhaust *state court* remedies, the denial of Simpson's state court relief was due to his failure to exhaust his *state administrative* remedies. Simpson's petition in this Court only attached his state court petition for habeas relief and did not include either of the

dispositions by the state district court or the Court of Criminal Appeals. Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) ("A habeas petitioner is 'generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.'") (quoting *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000)). "The exhaustion of state remedies includes both administrative and state court remedies." *Id.* (citing *Clonce v. Presley*, 640 F.2d 271, 273-74 (10th Cir.1981)). Simpson has provided no evidence of exhausting the *administrative* remedies provided by ODOC, thereby requiring dismissal of his petition. The Court notes that even assuming exhaustion was achieved, it agrees with the state district court's conclusion that Simpson has made no rational argument on the law or facts that would entitle him to relief. Prisoners have no liberty interest in a particular place of confinement, *Olim v. Wakinekona*, 461 U.S. 238, 245-246 (1983), and Simpson has presented no persuasive authority to support his assertion that a transfer to a private facility operated as a commutation of his life sentence. Simpson has also provided no evidence of discrimination based on disability. Accordingly, his objection is overruled.

Although the Court's disposition of Simpson's petition renders Cotner's motion to intervene moot, the Court finds it also lacks merit. As noted by Judge Purcell,

Cotner seeks permissive intervention under Fed. R. Civ. P. 24(b); under permissive intervention, the Court has the discretion to permit anyone to intervene who has been granted such right by a federal statute or has a claim that shares a common question of law or fact with the main action. *Id.* Upon a review of his motion and objection, the Court finds Cotner's motion does not reveal any common question of law or fact with Simpson's action. Cotner's alleged grievances in no way resemble those raised in Simpson's petition. Notably, the incident upon which Cotner bases his claim occurred in 1980, rendering it effectively time-barred. Accordingly, his objection is overruled as well.

## CONCLUSION

The Court has conducted the de novo review required by 28 U.S.C. § 636(b) of "those portions of the report or specified findings or recommendations to which objection is made." Upon review, the recommendation of the Magistrate Judge to dismiss this action without prejudice will be followed.

**IT IS THEREFORE ORDERED** that the Supplemental Report and Recommendation [Doc. No. 9] is hereby **ADOPTED** as modified herein. Petitioner's Petition for Writ of Habeas Corpus [Doc. No. 1] is hereby **DISMISSED WITHOUT PREJUDICE**. Consequently, his Motion for Declaratory Judgment [Doc. No. 11] is **DENIED**. Movant Robert Cotner's Motion to Intervene [Doc. No. 7] is **DENIED**. A

judgment shall be issued accordingly.

**IT IS SO ORDERED** this 5th day of May, 2016.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE